700 P.2d 953

**Robert J. NENOFF, Plaintiff-Appellant,**

**v.**

**Susan M. GRAHAM, and/or David K. Swanson of Swanson, Setzke & Cushman, Defendants-Respondents.**

**No. 15313.**

Court of Appeals of Idaho.

April 15, 1985.

Rehearing Denied June 17, 1985.

Robert J. Nenoff, pro se.

Raymond W. Setzke, Jr. and David Kenneth Swanson, Boise, for defendants-respondents.

**PER CURIAM.**

The genealogy of this particular appeal begins with a suit filed by Mary Gasper against her nephew, Robert Nenoff. According to Nenoff, Gasper twice instructed her attorneys, Susan Graham and David Swanson, to dismiss the suit. It was not dismissed. Judgment was entered in favor of Gasper; but Nenoff did not appeal. Instead, he brought this action against Graham and Swanson, alleging that they violated their retainer agreement with Gasper by refusing to dismiss the earlier suit and

exerted influence over her for the purpose of "enlarging their attorney fees." He sought to recover damages for his mental anguish, loss of income, and the expenses he incurred in defending the suit.

Graham and Swanson moved to dismiss under I.R.C.P. 12(b)(6) and filed a supporting affidavit. Nenoff filed a memorandum in opposition to the motion to dismiss. Pursuant to I.R.C.P. 12(b), the district court treated the motion as one for summary judgment. Following a hearing, the court granted the motion, stating: "This court in reviewing the issues the plaintiff brought in the previous case ... is of the opinion that these are the same issues he is bringing now and therefore he should be collaterally estopped from bringing these issues again." Nenoff appealed. We affirm.

 The district court below apparently had before it at least some of the record from the first suit. We are not similarly blessed. The record on appeal does not contain the pleadings, the transcript, or the trial judge's opinion from the first suit. We are unable, therefore, to determine whether the issues raised by Nenoff in the present case actually were litigated in the first suit. If they were, Nenoff may indeed be foreclosed from raising the issues again. *See Shea v. Bader,* 102 Idaho 697, 638 P.2d 894 (1981). "We cannot presume, from a silent record, that the [trial] court erred." *First Security Bank of Idaho v. Absco Warehouse, Inc.,* 104 Idaho 853, 857, 664 P.2d 281, 285 (Ct.App.1983). The appellant has "the burden to provide an adequate record on appeal so that it [can] be reviewed properly for error." *Schneider v. Curry,* 106 Idaho 264, 267, 678 P.2d 56, 59 (Ct.App.1984). The fact that Nenoff was a pro se litigant does not relieve him of this burden. *Id.* Under these standards, we are compelled to affirm the district court's grant of summary judgment for defendants.

Graham and Swanson also request attorney fees on appeal under I.C. § 12–121. Based on the record before us, we are constrained to hold that the appeal was

pursued without foundation. Graham and Swanson are thus entitled to a reasonable attorney fee on appeal, in addition to their costs.