852 P.2d 1387

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terrance Wade JOSEPHSON, Defendant–Appellant.**

**No. 19714.**

Supreme Court of Idaho, Boise, February 1992 Term.

May 21, 1993.

Lynn, Scott, Hackney & Jackson, Boise, for defendant-appellant. Larry Scott argued.

George C. Patterson, Boise, for amicus curiae Idaho Chapter American Liberties Union.

Larry EchoHawk, Atty. Gen., and Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent. Thomas P. Watkins argued.

REINHARDT, Judge, Pro Tem.

On May 14, 1991, Detective Dana Ross ("Ross") of the Ada County Sheriff's Office presented an affidavit for a search warrant to the magistrate judge. The affidavit stated that on April 15, 1991, an anonymous person telephoned the BANDIT task force with information relating to Josephson. The caller gave Josephson's address and stated that Josephson was unemployed. The caller further stated that Josephson received a large number of visitors at his residence. The caller also informed the police that he or she had seen growing marijuana plants through an open door to an outbuilding on Josephson's property and that the lights were always on in that outbuilding. Although the affidavit acknowledged that there was no inquiry into how the caller was able to identify growing marijuana plants, the affidavit did state that Ross checked the power company's records, which confirmed that Josephson lived at the address given by the caller. The affidavit also stated that Ross ran a local record check on Josephson, which revealed that Josephson had been arrested

**792**

for possession of marijuana in 1973, and again in 1975.

The affidavit also presented information regarding the results of a warrantless garbage search conducted by Ross on May 14, 1991. However, due to a typographical error, the date of the garbage search was listed in the affidavit as April 14, 1991. The affidavit stated that Ross collected garbage which "had been set out front of [Josephson's residence] for collection." A search of that garbage by Ross produced two marijuana cigarette butts, an empty pack of "Zig–Zag" rolling papers, a bag apparently containing marijuana residue, and five plant stems which field-tested positive for marijuana. Ross also found mail recently sent to Josephson at the address listed in the affidavit.

Based on the information contained in the affidavit regarding the anonymous caller and the warrantless garbage search, the magistrate issued a search warrant on May 14, 1991, allowing the police to search Josephson's residence for evidence associated with the growing of marijuana, the buying, selling and/or use of marijuana, and for evidence regarding occupancy or ownership of the premises. In executing the search warrant, Ross was accompanied by other officers and two Idaho Tax Commission employees. One of the Tax Commission employees located an eyeglass case with a corner of an envelope sticking out. Cocaine was discovered in the envelope.

Josephson was subsequently charged by information with possession of cocaine. Josephson moved to suppress the evidence seized pursuant to the search warrant based on various constitutional and statutory violations. The district court initially was inclined to grant the motion to suppress on the basis that the information in the affidavit was impermissibly stale to support a finding of probable cause. However, following a review of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the district court determined that the good faith exception to the exclusionary rule applied. Accordingly, the district court denied Josephson's motion to suppress. Josephson then pled guilty, conditioned upon the right to appeal the district court's denial of his motion to suppress. This appeal followed.

When a magistrate issues a search warrant which is later questioned on appeal, this Court's function on review is to ensure that the magistrate had a substantial basis for concluding that probable cause existed, and in this regard, great deference is to be paid to the magistrate's decision. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *State v. Johnson*, 110 Idaho 516, 716 P.2d 1288 (1986); *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). A magistrate's evaluation of probable cause is determined from the facts set forth in the affidavit or any recorded testimony given in support of the search warrant. *State v. Oropeza*, 97 Idaho 387, 545 P.2d 475 (1976). It necessarily follows that this Court's review of the magistrate's decision is only based on those facts which were properly before the magistrate at the time of its decision. *Aguilar v. State of Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *See also State v. Johnson, id.; State v. Lang, id.*

In this case, Officer Ross presented to the magistrate an affidavit in support of the search warrant. Although there was also a hearing conducted regarding the issuance of the search warrant, there is no record from that proceeding. Therefore, the only facts which can be reviewed in determining whether the magistrate had a substantial basis for finding probable cause must come from the affidavit. An examination of the affidavit reveals that there were essentially two sources of information from which probable cause could be found, the statements made by the anonymous caller and the findings of the warrantless garbage search. We examine each of these sources separately.

First, regarding the statements made by the anonymous caller, our analysis proceeds under the "totality of circumstances" test announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and followed by this Court in *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). Under the "totality of

circumstances" test, the magistrate's inquiry as well as this Court's inquiry is whether "given all the circumstances set forth in the affidavit ... including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is ... a fair probability that contraband or evidence of a crime will be found in a particular place?" *State v. Lang,* 105 Idaho at 684, 672 P.2d at 562, citing *Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332.

■ The "totality of circumstances" test was applied to facts similar to this case in *State v. Johnson,* 110 Idaho 516, 716 P.2d 1288 (1986). In *Johnson,* the affidavit in support of the search warrant set forth facts regarding a call from the defendant's landlord who told police that he had observed suspicious plants inside the defendant's apartment. This Court, applying the "totality of the circumstances" test, found that the magistrate could not have found probable cause to issue the search warrant based on such information. It was pointed out that because the affidavit did not indicate how the caller could identify marijuana, assuming marijuana is what the caller meant by "suspicious plants," the magistrate could not determine the caller's basis of knowledge for reaching such a conclusion. Similarly, the caller failed to describe the plants in terms that would have permitted the magistrate to determine if the plants were in fact contraband. Finally, the affidavit provided no information as to the veracity or reliability of the landlord's hearsay information.

■ The caller's statements in this case fail to establish probable cause for the same reasons as those found in *Johnson.* The affidavit expressly states that there was no inquiry by police as to how the anonymous caller in this case was able to identify growing marijuana plants. Nor were there facts in the affidavit indicating that the caller gave a description of the plants sufficient to support a determination that they were probably marijuana. Thus, the basis of the caller's knowledge could

not be determined by the magistrate. Furthermore, the veracity of the caller's statements is in question in this case. While it is true that veracity can be obtained through corroboration when the identify of the caller is unknown, *Illinois v. Gates, id.; Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *State v. Newell,* 115 Idaho 1133, 772 P.2d 1227 (1989), the affidavit provides no corroborating evidence to support the hearsay allegations of the caller in this case. Officer Ross only checked the power company's records to determine that Josephson lived at the address given by the caller. Nowhere in the affidavit are there any facts relating to observations by Ross that there was an outbuilding on Josephson's property which was continually lighted, or that there was an abnormal amount of traffic at the Josephson's residence, or even whether Josephson was employed or not.[1] The only other investigation conducted by Ross was to run a records search which revealed that Josephson had been charged—not convicted—of possession of marijuana in 1973 and 1975. Certainly such information does not help to establish probable cause that Josephson was in possession of marijuana on May 14, 1991. Nor does it corroborate any of the information given by the caller. Accordingly, under the totality of the circumstances test, we conclude that the facts obtained from the anonymous caller are insufficient to support a finding of probable cause.

■ The next source of information we must examine is that information obtained by Ross from the warrantless garbage search. As mentioned earlier, Ross searched Josephson's garbage and seized mail recently sent to Josephson, two marijuana cigarette butts, an empty pack of "Zig–Zag" rolling papers, a bag apparently containing marijuana residue, and five plant stems ranging in length from one and one-half inches to two and one-half inches which field-tested positive for marijuana. At the motion to suppress, Josephson ar-

---

1. At the motion to suppress it was disclosed that contrary to the caller's information, Josephson was employed.

gued that this evidence should not have been considered by the magistrate in its determination of probable cause because it was obtained in violation of Josephson's constitutional right under art. 1, § 17 of the Idaho Constitution against unreasonable searches.[2] The district court determined that the search was not a violation of art. 1, § 17 of the Idaho Constitution, relying on *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), which held that garbage left outside the curtilage of a home is not protected under the Fourth Amendment. Josephson has again raised the issue of the validity of the warrantless garbage search before this Court.[3] However, we need not reach this issue because, even assuming that the search was valid, the information obtained from the search was impermissibly stale to support a finding of probable cause.

■ It is well-established law that in order to support a finding of probable cause "an affidavit must provide facts sufficient to create probable cause for belief that the forbidden articles are within the place to be searched at the time the search warrant is requested." *State v. Gomez*, 101 Idaho 802, 808, 623 P.2d 110, 116 (1980), citing *State v. Oropeza*, 97 Idaho 387, 545 P.2d 475 (1976). We have further stated:

> Unfortunately, there exists no magical number of days within which information is fresh and after which the information becomes stale. The question must be resolved in light of the circumstances of each case. (Citations omitted.)

> An important factor in "staleness" analysis is the nature of the criminal conduct. If the affidavit recounts criminal activities of a protracted or continuous nature, a time delay in the sequence of events is of less significance. (Citations omitted.)

101 Idaho at 808, 623 P.2d at 116.

As stated earlier, the district court was initially inclined to grant Josephson's motion to suppress based on a staleness analysis and would have done so but for the good faith exception announced in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The district court concluded that because there was no record made of any statements Ross might have made to the magistrate, the affidavit must be considered as it appears in the record. As such, the district court proceeded on the assumption that the garbage search took place on April 14, 1991, instead of May 14, 1991. Using the April 14, 1991, date, the district court concluded that the information uncovered from the garbage search was too stale to establish probable cause that marijuana would be found in Josephson's home on May 14, 1991. Essential to the district court's conclusion was a finding that the items recovered from the garbage search were only suggestive of the fact that someone had smoked marijuana at Josephson's residence. The items did not corroborate an inference that there was continuing criminal activity as argued by the State.

We agree with the rationale of the district court. As previously discussed, this Court can only review those facts which were before the magistrate when it issued the warrant. *Aguilar v. State of Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *State v. Johnson*, 110 Idaho 516, 716 P.2d 1288 (1986). With no record of what was said between Officer Ross and the magistrate when Ross presented his affidavit, there is no way for us to know whether the magistrate was made aware of the typographical error concerning the date of the garbage search. Thus, we must assume that the magistrate based his decision on the facts as they appear in the affidavit which shows a search date of April 14, 1991.

Focusing next on the items seized from the garbage search, the conclusions that can be drawn from that information sup-

---

2. **Art. 1, § 17. Unreasonable searches and seizures prohibited.**—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, par-

ticularly describing the place to be searched and the person or thing to be seized.

3. The Idaho Chapter of the American Civil Liberties Union was also given permission to brief and argue the garbage search issue.

port a staleness claim. The two marijuana cigarette butts, the left over stems, the empty bag with marijuana residue, and the empty pack of rolling papers are indicative of a conclusion that marijuana was at some point in time used at Josephson's residence and the refuse from such use discarded. The items do not support a conclusion that there was more contraband remaining at the Josephson residence. Nor do the items reasonably support a conclusion that there was a grow operation maintained at the residence or that any other continuing operation was taking place such as drug trafficking. *Cf. State v. Gomez,* 101 Idaho 802, 623 P.2d 110 (1980). Given the nature of the items found in the garbage search assumed to be conducted on April 14, 1991, there was not a substantial basis from which the magistrate could have determined that there was probable cause to believe marijuana would be found in Josephson's house on May 14, 1991.

■ Accordingly, since both sources of information contained within the affidavit fail to provide facts which provide a substantial basis for determining probable cause, the entire affidavit is insufficient and the magistrate's determination that probable cause existed cannot be upheld.

■ In anticipation that the affidavit was insufficient to establish probable cause, Josephson also questions whether the district court properly admitted the evidence under the good faith exception to the exclusionary rule. The good faith exception was first announced in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and has held a precarious position in Idaho law since that time. *See State v. Prestwich,* 116 Idaho 959, 783 P.2d 298 (1989); *State v. Rice,* 109 Idaho 985, 712 P.2d 686 (Ct.App.1985). However,

this Court recently rejected the *Leon* good faith exception under art. 1, § 17 of the Idaho Constitution in *State v. Guzman,* 122 Idaho 981, 842 P.2d 660 (1992). However, because the *Guzman* opinion did not state whether it would be applied retroactively or not, the application of the *Guzman* decision must now be delineated. We hold that the *Guzman* decision will be applied retroactively to all cases that had not become final when *Guzman* was issued, including those that were in progress in the trial courts. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *Fetterly v. State,* 121 Idaho 417, 825 P.2d 1073 (1991). Therefore, because this case was pending review at the time *Guzman* was released, the *Guzman* holding is controlling. The suppression of the evidence based upon the insufficient affidavit cannot be avoided by application of the good faith exception.

Because we find that Josephson's motion to suppress should have been granted due to the insufficiency of the affidavit, we need not address the additional issues raised by Josephson regarding the content and execution of the search warrant. The order of the district court denying the motion to suppress is reversed, and the cause is remanded to the district court for further proceedings consistent herewith.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT JJ., concur.