900 P.2d 800

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ruben SOTO, Defendant–Appellant.**

**No. 21370.**

Court of Appeals of Idaho.

May 2, 1995.

Rehearing Denied June 23, 1995.

Petition for Rehearing Denied Sept. 7, 1995.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

This is an appeal from the judgment of conviction in a drug case. The judgment of conviction was reentered following post-conviction proceedings where Ruben Soto was accorded relief by the district court for his counsel's ineffectiveness in failing to file a direct appeal. On appeal, Soto seeks review of the suppression rulings which were preserved for appeal by means of his conditional guilty plea to two counts of possession with intent to deliver controlled substances, heroin and cocaine. I.C. § 37–2732(a)(1)(A). For the reasons explained below, we affirm.

## FACTS

At approximately 7:00 p.m. on February 27, 1993, officers of the City/County Narcotics Unit, led by officer Chris Klein, were conducting surveillance of the home of Ruben Soto on East Linden Street in Caldwell. Officer Alan Creech was en route to obtain a warrant for a search of the home. In the course of the surveillance, officer Klein surmised that drugs believed to be in the home were being transferred across the street to another residence which had previously been the location of a controlled buy. Officer Klein decided that the Soto residence should be secured until the warrant could be signed and served.

Soto's wife, who was eight months pregnant, and children were in the living room when officer Klein knocked. When the door was opened, two officers entered the residence without the consent of any occupant, and announced that everyone should be seated and remain in the living room until they could ascertain whether anyone else was present in the house. Soto appeared in the hallway and came into the living room to speak with the officers. Three additional officers were then let into the house. Klein told the family that the officers were from the narcotics unit and that a search warrant for the residence was being prepared as they spoke. Officer Klein then addressed Soto privately and informed him that the officers intended to search the residence for illegal drugs. Officer Klein also advised Soto that if drugs were found in common areas, both Soto and his wife would be charged. In response to officer Klein's suggestion that he cooperate, Soto disclosed that there were illegal drugs in the residence. Soto led officer Klein into the bedroom and produced a Mason jar containing heroin from between the bed and the dresser.

Officer Klein called officer Creech to report to him that the residence had been secured and that drugs had been seized. The telephone call interrupted officer Creech's oral affidavit to the judge in support of the search warrant. At approximately 9:00 p.m., officer Creech arrived at the Soto residence with the search warrant and assigned officers to conduct a search of the premises. In addition to the drugs given to officer Klein by Soto, the officers discovered 2.4 grams of cocaine in a dresser, a fully loaded 40 caliber semi-automatic weapon and a shotgun. Soto was charged with one count of possession with intent to deliver heroin and one count of possession with intent to deliver cocaine.

Soto pled not guilty and filed a motion to suppress the evidence seized in the search. Soto asserted that the warrantless search of his residence was illegal and that any evidence obtained therefrom should be suppressed. A hearing on the motion was held, and counsel submitted argument to the district court in the form of briefs. By memorandum decision and order, the district court denied the motion. The district court found that the entry into the home by the officers was illegal and that Soto's admissions to them were coerced. However, the court further found that the heroin which was then discovered was admissible against Soto under

the independent source doctrine. Thereafter, Soto entered a conditional plea of guilty pursuant to I.C.R. 11, preserving the right to appeal the district court's rulings on the suppression motion. This appeal followed.

**DISCUSSION**

On appeal, Soto argues that the evidence should have been suppressed by the district court. Because the heroin had been obtained pursuant to a warrantless search, Soto asserts that the exclusionary rule should operate to bar admission of the evidence ultimately seized. Soto argues that Article 1, Section 17 of the Idaho Constitution should not be diluted by the adoption of the independent source exception to the exclusionary rule that is applicable in analyzing federal protections against unreasonable searches and seizures.

■ As a preliminary matter, we agree with the state's assertion that the issue with respect to the Idaho constitutional protections from illegal searches is raised by Soto for the first time on appeal. Nowhere in Soto's motion, argument, or brief in support of the motion presented to the district court did he contend that an unreasonable search in violation of the Idaho Constitution was not subject to the application of the independent source exception to justify admissibility of evidence seized in the illegal search. Thus, we will not consider the issue on its merits. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), *citing Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Even though the issue deals with a constitutional question, consideration of it is not necessary for subsequent proceedings in the case and, therefore, does not fall within the exception to the rule prohibiting review of issues raised for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. Accordingly, we reject Soto's argument in his reply brief that the issue, newly raised on appeal, is one of fundamental error which would permit review by this Court.

As his second issue on appeal, Soto challenges the district court's finding that the search warrant was procured independently and without reference to information obtained from the warrantless entry. Soto claims that the finding is not supported by

the evidence and that the state failed in its burden to prove the independent source exception to the application of the exclusionary rule to suppress illegally seized evidence.

■ The exclusionary rule bars the use at trial of evidence illegally obtained. *State v. Cook*, 106 Idaho 209, 222, 677 P.2d 522, 535 (Ct.App.1984), *citing Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). However, upon a prima facie showing by the defendant that a causal connection exists between the illegally obtained evidence and the police misconduct, the prosecution may invoke the independent source rule to permit admission of the evidence. *State v. Hoak*, 107 Idaho 742, 750, 692 P.2d 1174, 1182 (1984) (Huntley, J., specially concurring). It is then the prosecution's burden to show that information leading to the issuance of the search warrant and the ultimate seizure was obtained from an independent source. *Id.* A wholly independent search warrant, procured without reference to information obtained through a warrantless entry violative of the Fourth Amendment, constitutes an independent source for seizure of the evidence sufficient to purge any taint on the evidence from a prior illegal entry and can serve as a basis for denying suppression of evidence obtained by illegal police conduct. *Murray v. United States*, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988); *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); *State v. Follinus*, 124 Idaho 26, 855 P.2d 863 (1993).

■ When we review a court's decision to issue a search warrant, our function is to ensure that the court had a substantial basis to conclude that probable cause existed, giving great deference to the court's decision. *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993). We apply the "totality of the circumstances" test announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted in Idaho in *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). *Josephson*, 123 Idaho at 792, 852 P.2d at 1389.

In this case, the district court considered the validity of the search warrant and lis-

tened to the tape recording of officer Creech's oral affidavit in support of the search warrant. After finding that no evidence was laid before the issuing judge which was obtained as a result of the illegal entry, the district court concluded that the independent source exception to the warrant requirement applied. The district court held that the search warrant was validly issued. The district court also held that all of the evidence seized was admissible, including the heroin, because the basis for the warrant was independent of the evidence obtained as a result of the warrantless entry.

 In *State v. Johnson,* 110 Idaho 516, 526, 716 P.2d 1288, 1298 (1986), information which was obtained as the result of an unlawful search was required to be deleted from the affidavit submitted to obtain the search warrant. The *Johnson* court then turned to the rest of the affidavit to determine if it contained adequate facts by which the judge could have concluded that probable cause existed for issuance of the search warrant. *Id.* In any event, this Court can only review those facts which were before the judge when it issued the warrant. *State v. Josephson,* 123 Idaho at 794, 852 P.2d at 1391, *citing Aguilar v. State of Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *State v. Johnson,* 110 Idaho 516, 716 P.2d 1288 (1986).

Accordingly, we dismiss Soto's argument that the record is sufficient to show, through officer Creech's testimony at the suppression hearing, that the judge issuing the warrant had been advised that drugs had been seized, although the timing of the disclosure was unclear. As previously stated, our focus on review is the information made available to the judge in the application for the warrant. *Id.* Because we have not been provided the tape recording or a transcript of the oral affidavit of officer Creech, we cannot review whether the information supplied in support of the search warrant, exclusive of any alleged reference to illegally obtained information, was sufficient for the judge to find probable cause to issue the warrant. We will not presume error from a silent record. *Nenoff v. Graham,* 108 Idaho 550, 551, 700 P.2d 953, 954 (Ct.App.1985). Fur-

ther, any missing portions of the record are presumed to support the trial court's ruling. *State v. Wolfe,* 99 Idaho 382, 390, 582 P.2d 728, 736 (1978); *State v. Williams,* 126 Idaho 39, 45, 878 P.2d 213, 219 (Ct.App.1994). Under these standards, we are compelled to uphold the district court's memorandum decision holding the search warrant to be valid and applying the independent source exception to the exclusionary rule.

The order denying Soto's motion to suppress and the judgment of conviction are affirmed.

WALTERS, C.J., and LANSING, J., concur.