# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35284

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2009 Opinion No. 73S** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: December 3, 2009** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| ROBIN J. BELDEN, | ) | |
| | ) | **SUBSTITUTE OPINION** |
| Defendant-Appellant. | ) | **THE COURT'S PRIOR OPINION** |
| | ) | **DATED NOVEMBER 16, 2009,** |
| | ) | **IS HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby and James R. Michaud, District Judges.

Judgment of conviction for possession of a controlled substance with the intent to deliver, vacated.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

MELANSON, Judge

Robin J. Belden appeals from his judgment of conviction for possession of a controlled substance with intent to deliver. Specifically, Belden challenges the district court's order denying his motion to suppress. For the reasons set forth below, we vacate Belden's judgment of conviction.

## I.

## FACTS AND PROCEDURE

An unnamed confidential informant (CI) began working with police in 2007 in order to reduce the CI's pending drug charge. The CI told officers that she believed she could obtain marijuana from a man by the first name of Robin who lived in the area and was participating in the sheriff's labor program. Officers provided the CI with photographs of men with the first

1

name of Robin who had recent criminal charges, and the CI identified the photograph of Robin Belden as the man from whom marijuana could be purchased.

The CI and her car were searched for drugs, and she was wired with a recording device. The CI was supplied with money for a controlled drug buy with Belden at a residence in a mobile home park. An officer monitoring the drug transaction visually observed the CI enter a residence and emerge sometime later with marijuana. The observing officer later told another officer that the drug sale had taken place inside a mobile home located at space 23. In addition, the CI provided officers with a description of the layout of the home at space 23. Based on the information received from the observing officer and the CI, the officer applied for a warrant to search the home at space 23. The magistrate granted a warrant to search the home at space 23.

The officer who applied for the warrant and other officers entered the home at space 23. Upon entering, the officer determined that the layout did not match the CI's description of the home where the drug sale occurred. The officer also noticed that a bill near the phone did not belong to Belden. The police then immediately left. After leaving space 23, the officer spoke with the manager of the mobile home park and determined that Belden lived at the home in space 25. The officer then returned to the same magistrate, seeking a warrant to search the home at space 25. After hearing the officer's testimony, the magistrate granted the search warrant for space 25. A search of the home at space 25 resulted in the discovery of marijuana, packaging materials, and a scale.

Belden was charged with possession of a controlled substance with intent to deliver. I.C. § 37-2732(a)(1)(B). He filed a motion to suppress the evidence found at his home in space 25, asserting that the magistrate did not have probable cause to issue the warrant for his residence. The district court held a hearing and denied Belden's motion to suppress.[1] Belden proceeded to trial and was found guilty by a jury. He appeals, challenging the district court's denial of his motion to suppress.

## II.
## STANDARD OF REVIEW

In general, Belden argues that the district court erred when it denied his motion to suppress the evidence of drug distribution found in his home. More specifically, Belden claims the district court applied the wrong legal standard, the state intentionally or with reckless

---

[1]     District Judge Michaud heard and denied the motion to suppress.

2

disregard presented false information to the magistrate to obtain a warrant, the warrant lacked probable cause because there was insufficient indicia of reliability or veracity to support the claims of the CI, and there was no nexus presented between the drug sale and Belden's residence.  This Court will only address Belden's argument that the magistrate's finding of probable cause was not supported by substantial evidence.

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983).  In this evaluation, great deference is paid to the magistrate's determination.  *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997).  The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed.  *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985).  When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid.  *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit."  In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a

crime may be found in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253.

## III.

## ANALYSIS

Belden asserts that the evidence presented to the magistrate was insufficient to demonstrate a nexus between Belden's home at space 25 and illegal activity. The state contends that probable cause existed to search the home at space 25 because the officer determined that Belden lived there, a drug transaction occurred nearby, and space 23 had been eliminated. The state further argues that Belden's home was subject to search because of his status as a "drug dealer."

Probable cause to search requires a nexus between criminal activity and the item to be seized, and a nexus between the item to be seized and the place to be searched. U.S. CONST. amend. IV; *State v. Yager*, 139 Idaho 680, 686, 85 P.3d 656, 662 (2004). Most courts require that a nexus between the items to be seized and the place to be searched must be established by specific facts, and an officer's general conclusions are not enough. *Yager*, 139 Idaho at 686, 85 P.3d at 662. Although probable cause to believe that a person has committed a crime does not necessarily give rise to probable cause to search that person's home, magistrates are entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense. *State v. Molina*, 125 Idaho 637, 642, 873 P.2d 891, 896 (Ct. App. 1994).

To support his argument that there was not a nexus between the drug sale and his residence, Belden relies on *State v. Mische,* 448 N.W.2d 415 (N.D. 1989). In that case, Mische sold drugs to an undercover officer at his parents' home. Because Mische's parents lived in the home and that is where the drug transaction took place, the police applied for a warrant to search that home. When no drugs were discovered at Mische's parents' home, officers determined Mische resided at a different location and returned to the magistrate and applied for a warrant to search Mische's home. In upholding the suppression of drugs found at Mische's home for lack

4

of a nexus between the drug transaction and the residence, the North Dakota Supreme Court opined that "it seems apparent that after the search of [Mische's parents'] residence did not reveal the contraband, the officers were on a 'fishing expedition' prohibited by the Fourth Amendment." *Id.* at 421.

In this case, an officer testified at the initial warrant hearing that a controlled drug transaction involving a CI took place at space 23 in a mobile home park. Specifically, the officer testified that visual surveillance was established and an officer (other than the one who testified before the magistrate at the search warrant hearings) watched the CI enter space 23. The surveillance officer later observed the CI emerge from space 23 with marijuana allegedly purchased from Belden. Based on his experience in law enforcement, the officer testified that the CI's wire recording appeared to be consistent with a drug transaction. However, the officer stated that the recording was of marginal quality and that he could not identify Belden as the man speaking. The testifying officer also provided the magistrate with photographs of the location of the drug buy, illustrating that the residence at space 23 was a blue/gray mobile home.

After the failed search of the residence at space 23, the officer discovered that Belden lived at the mobile home in space 25. The officer then applied to the magistrate to change the original search warrant from space 23 to space 25. At the second warrant hearing, the officer described space 25 as a tan mobile home with brown trim. That description did not match the testimony provided by the surveillance officer, nor the photographs presented, at the first hearing. The magistrate did not ask for, nor did the officer provide, an explanation as to why the description of the drug buy location varied between the two hearings. A magistrate must determine if probable cause exists to support the issuance of a warrant, based on the facts set forth in affidavits and from recorded testimony in support of the application for the warrant. *State v. Hagedorn*, 129 Idaho 155, 160, 922 P.2d 1081, 1086 (Ct. App. 1996). Neither the CI nor the surveillance officer testified at the second hearing. Indeed, the information presented to the magistrate at the second warrant hearing demonstrated only that Belden lived at space 25. No additional evidence was introduced to show that a drug transaction occurred at space 25.

The state contends that there is an exception to the warrant requirement that allows a finding of probable cause to search a drug dealer's home where there is evidence showing that the homeowner is engaged in regular and large-scale drug trafficking. *See, e.g., State v. Nunez,* 138 Idaho 636, 641-42, 67 P.3d 831, 836-37 (2003); *State v. O'Keefe,* 143 Idaho 278, 286-89, 141 P.3d 1147, 1155-58 (Ct. App. 2006). However, because no evidence of regular and large-

5

scale drug trafficking by Belden was presented to the magistrate, we need not address that contention. The state also argues that, because space 23 was eliminated as a possible location for the drug buy, it was reasonable for the magistrate to infer that the transaction occurred at Belden's home two doors down. This argument is akin to the "fishing expedition" denounced by the court in *Mische*. Mere proximity to space 23 was not enough to establish that evidence of a drug transaction was likely to be found at space 25.

While our standard of review requires us to afford deference to the magistrate's decision, we conclude that Belden met his burden of proof in demonstrating that the search of space 25 was invalid for lack of a nexus between the place to be searched and the item to be seized. The evidence presented at the hearing pointed to space 23 as the location of the controlled drug buy. The evidence presented was considerable and included not only the CI's account of the drug buy, but also an observing officer's account and photographs. At the second hearing, space 25 was identified as Belden's home, but no other evidence was presented to the magistrate to demonstrate a fair probability that contraband would be found there. This decision does not stand for the proposition that mistaken testimony at a warrant hearing cannot later be corrected. There may have been a reasonable explanation for the surveillance officer's identification of space 23 as the location of the controlled drug buy. In this case, however, no explanation was offered and no additional evidence was presented to the magistrate except the fact that Belden resided at space 25. Therefore, the magistrate did not have a substantial basis for concluding that there was probable cause to search the residence at space 25.

Belden raises a number of other issues on appeal. Because the issue of probable cause is dispositive, we decline to review Belden's remaining arguments.

## IV.

## CONCLUSION

Based on the totality of the circumstances, we conclude that the magistrate did not have a substantial basis for determining that probable cause existed to search Belden's home. Belden has carried his burden by demonstrating that the warrant to search the home at space 25 was issued without sufficient probable cause because no nexus existed between the illegal drug transaction and the residence. Therefore, the district court erred in denying Belden's motion to suppress. Accordingly, Belden's judgment of conviction for possession of a controlled substance with intent to deliver is vacated.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**