981 P.2d 1154

STATE of Idaho, Plaintiff–Respondent,

v.

Carl Allen PETERSON, aka GUS PETERSON, Defendant–Appellant.

No. 24211.

Court of Appeals of Idaho.

July 21, 1999.

Danny J. Radakovich, Lewiston, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General; John Aldrich, Legal Intern, Boise, for respondent. John Aldrich argued.

LANSING, Judge.

On this appeal Carl Allen Peterson challenges the district court's denial of his motion to suppress evidence found in his residence and vehicles during the execution of search warrants. Peterson contends that in obtaining the initial warrant, a detective intentionally or recklessly misled the magistrate by omitting material information from the warrant affidavit. For that reason, he contends, evidence found in the execution of the initial warrant and subsequent warrants must be suppressed.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On December 11, 1995, Clearwater County Sheriff's Detective Clyde Burgess applied to a magistrate for a warrant to authorize the search of Peterson's home for a variety of items stolen from persons in the Orofino area in the previous two months. The magistrate issued the requested warrant. In the ensuing search, officers found many items that were believed to be stolen as well as baggies of methamphetamine, marijuana, and drug paraphernalia. Additional search warrants were obtained on December 12, 13, and 20, to search for controlled substances and related items, to search the vehicles on the property, and to search further for stolen property, respectively. These warrants were issued on the basis of officers' observations made during the first search. Numerous items were seized pursuant to these warrants. The State charged Peterson with two counts of grand theft, Idaho Code §§ 18–2403(4), 18–2407(1), and one count of trafficking in methamphetamine, I.C. § 37–2732B(3)(A), and alleged that he was a persistent violator, I.C. § 19–2514.

Peterson filed a motion to suppress all items seized from his residence and automobiles, but the motion was denied by the district court. Peterson then entered into a Criminal Rule 11 plea agreement by which he agreed to plead guilty to one count of grand theft and to one count of possession of methamphetamine with the intent to deliver. I.C. § 37–2732(a)(1)(A). Peterson reserved the right to appeal the district court's denial of his suppression motion.

The affidavit submitted by Detective Burgess in support of the application for the first search included the following statements:

> That on 12/10/95 while investigating a Burglary your Affiant interviewed a juvenile suspect. This juvenile has been involved in prior Burglaries and has provided accurate information when caught about those prior Burglaries. This juvenile stated that in regards to this Burglary that a gun, jewelry, VCR tapes, and a Bearcat Scanner had been taken to the [H.] residence

on Michigan Avenue. The stolen property, minus the Bearcat scanner, was given over to one [L.B.], a.k.a. [L.W.], the half-sister of [H.], and she left the residence to dispose of it. This occurred on 12/07/95. Further, the juvenile related that the juvenile was with four (4) other subjects and took the Bearcat scanner to a residence on 114th Street where the juvenile believes [L.B.] took the first load of stolen items earlier in the day. The juvenile stated that the juvenile believes that [L.B.] took the other stuff to the 114th Street residence of one Carl "Gus" Peterson, as he stated that's where "They get rid of all their stolen property." The juvenile described the residence as a house sitting on the left side of the street after you enter off of U.S. 12. There would be a red car and a gray or light colored Chevrolet Corvette parked in the driveway.

> . . . .

> Your Affiant believes that the juvenile would be in danger if his name were revealed. The court is referred to SP95–00080.

> . . . .

> Your Affiant refers the court to the prior search warrant at the Peterson residence. Your Affiant was present at the Peterson residence during the service of that search warrant and observed a large room with shelves lining the walls. That the shelves were full of tools and electronic items. The stolen police radio was found amongst this stuff. That the entrance to the room was concealed so that entry was made through a walk-in closet which was blocked from the other side. That your Affiant believes that this room was the storeroom of stolen items.

> . . . .

> On 3/19/95 this department served a Search Warrant on the same residence lived in by Carl "Gus" Peterson and recovered a stolen 2–way police radio. . . .

Peterson contends that the warrant affidavit was factually inaccurate as a result of the intentional or reckless omission of material information by Detective Burgess. Specifically, he asserts that Detective Burgess

failed to disclose in the affidavit that: 1) the juvenile informant expected favorable treatment in his burglary case in exchange for the information that he was providing to law enforcement officers; and 2) the juvenile had been untruthful with Burgess in the past. When this omitted information is considered, Peterson contends, the warrant affidavit does not demonstrate probable cause to justify issuance of the warrant. Because the second, third, and fourth warrants were obtained in reliance upon information gathered from the execution of the first search warrant, Peterson argues that evidence acquired pursuant to those warrants also must be suppressed.

## II.

## ANALYSIS

A search warrant must be based upon probable cause to believe that evidence of, or contraband from, a crime is located at the premises to be searched. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983). Where a warrant application is based in part upon the information provided by an informant, factors supporting probable cause may include facts in the affidavit indicating the reliability of the informant and the basis of the informant's knowledge. *Dunlap v. State,* 126 Idaho 901, 907, 894 P.2d 134, 140 (Ct.App.1995); *State v. Prestwich,* 110 Idaho 966, 968, 719 P.2d 1226, 1228 (Ct.App.1986). Where the information has come from a "citizen informant," disclosure of the person's name and address will ordinarily be sufficient to show the informant's veracity and reliability, *State v. O'Bryan,* 96 Idaho 548, 552, 531 P.2d 1193, 1197 (1975); *Dunlap, supra,* but where the informant is part of the "criminal milieu" more information is necessary. *Dunlap, supra.* The additional evidence of reliability may be provided by the informant's acknowledgment that he or she has participated in criminal activity. *Id.* If the informant's identity is known, the "risk and opprobrium" from acknowledgment of criminal conduct is correspondingly greater, and thus the hearsay assertions of a known informant may be given more credibility. *Id.* Such admissions may not be dispositive of the informant's

reliability and credibility, but when coupled with other indicia of reliability in the affidavit, they will support a finding of probable cause. *Id.*

A criminal defendant may challenge the veracity of an affidavit used to obtain a search warrant. If the defendant makes a substantial preliminary showing that the affidavit is faulty, the defendant will be entitled to an evidentiary hearing. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *State v. Kay,* 129 Idaho 507, 511, 927 P.2d 897, 901 (Ct.App.1996). At such a hearing, the defendant bears the burden to prove, by a preponderance of the evidence, that intentional or reckless falsehoods were included in the warrant affidavit and were material to the magistrate's finding of probable cause, or that material exculpatory information was deliberately or recklessly omitted. *Franks,* 438 U.S. at 156, 98 S.Ct. at 2676, 57 L.Ed.2d at 672; *State v. Guzman,* 122 Idaho 981, 984, 842 P.2d 660, 663 (1992); *Kay, supra.* An omission of exculpatory facts is "material" only if there is a substantial probability that, had the omitted information been presented, it would have altered the magistrate's determination of probable cause. *State v. Lindner,* 100 Idaho 37, 41, 592 P.2d 852, 856 (1979); *Kay, supra; State v. Sorbel,* 124 Idaho 275, 279, 858 P.2d 814, 818 (Ct.App.1993). Whether an omission from a warrant affidavit was merely negligent or an innocent mistake, or was made intentionally or recklessly, is a factual determination that we will not disturb on appeal unless it is clearly erroneous. *State v. Peightal,* 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *Kay,* 129 Idaho at 512, 927 P.2d at 902. Whether a misrepresentation or omission is "material," however, is a question of law over which we exercise free review. *Id.; Sorbel,* 124 Idaho at 280, 858 P.2d at 819.

### A. Omissions from Warrant Affidavit

The district court found that Peterson did not meet his burden of proving that Detective Burgess's alleged omissions of information were deliberate or reckless. The court found that the omissions were, at most, negligent.

On appeal, Peterson argues that because the detective had knowledge of the omitted facts, he must have omitted them intentionally or recklessly. Such an argument is unpersuasive. If accepted, it would mean that every omission of a material fact known to an affiant must be deemed to have been made intentionally or recklessly. However, pertinent legal authorities clearly recognize that misrepresentations or omissions may be merely negligent or innocent mistakes, and if they fall in this category, they do not invalidate a warrant. *See Franks*, 438 U.S. at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 681; *Guzman, supra; Lindner*, 100 Idaho at 41, 592 P.2d at 856; *Kay*, 129 Idaho at 511, 927 P.2d at 901.

■ Whether an omission was intentional or reckless might be inferred, in part, from the relative importance of the information and its exculpatory power. In this case, the excluded facts have not been shown to be of such significance that the omission could only have been intentional or reckless. With respect to the omitted fact that the juvenile informant had lied to Detective Burgess in the past, the only information in the record is Burgess's testimony that he is "pretty sure" that the informant had lied to him from time to time. There is no evidence as to what these lies consisted of, whether they were given in the context of criminal investigations, or whether the circumstances of those lies would lead one to suspect that the juvenile was lying to Burgess in the present case. The mere fact that the juvenile had at some point in the past lied to Detective Burgess about some unknown subject is not of sufficient magnitude to compel an inference that Detective Burgess intentionally or recklessly omitted this information from the warrant affidavit.

The second fact that Peterson contends Burgess omitted was the juvenile's expectation of favorable treatment in return for providing information to the police. This Court fails to discern how such omitted information would be exculpatory or tend to undermine the credibility of the juvenile, and therefore perceives no basis for inferring that the omission was deliberate or reckless on the part of Burgess. In the context presented here, the informant's anticipation of favorable treatment in exchange for information would logically tend to *bolster*, not diminish, the informant's credibility. That is true because, in this circumstance, an informant would be expected to recognize that favorable treatment would be contingent upon providing truthful information, and the informant would stand to lose any benefit from the bargain if he or she were to lie to the police. Thus, Peterson's assertion that Detective Burgess must have intentionally or recklessly omitted this information has no underpinnings in logic. Peterson has not demonstrated that the district court was clearly erroneous in finding that Detective Burgess's alleged omissions were, at most, negligent.

■ Peterson also has failed to show that the omissions were material in the sense that there is a substantial probability that, had the omitted information been presented, it would have altered the magistrate's finding of probable cause. For the reasons stated above, the omitted facts have not been shown by Peterson to substantially undermine the juvenile informant's credibility, and therefore it is most unlikely that inclusion of the information would have affected the magistrate's probable cause assessment.[1]

---

1. In his appellate brief, Peterson also argued that Burgess did not disclose that the juvenile was "part of the criminal milieu." At oral argument, however, he withdrew this argument. Peterson's appellate brief also asserts that the juvenile should be viewed as an unidentified informant. That assertion was also abandoned at oral argument. These concessions were wisely made, for both of the abandoned arguments were plainly refuted by the content of the warrant affidavit. Furthermore, Peterson's initial assertion in his appellate brief that the informant's identity was not known to the magistrate, even if it were supported by the record, would be of no significance. It is not whether the *magistrate* was aware of an informant's identity, but whether *law enforcement officials* knew the identity, that is important. An informant will know that if law enforcement personnel are aware of his or her identity, negative consequences can flow from the provision of false information. An informant cannot possibly foresee, at the time of giving information to police officers, whether the officers will disclose his or her identity to a magistrate, and therefore the presence or absence of such disclosure cannot possibly affect the informant's truthfulness.

## B. Probable Cause to Issue the Search Warrant

Having concluded that there were no deliberate or reckless material omissions from the warrant affidavit, we will proceed to consider whether the facts stated in the affidavit supplied probable cause for issuance of the first search warrant.[2]

 Probable cause is determined by examining the totality of the circumstances, and making a "practical common-sense decision whether, given all the circumstances set forth in the affidavit before [the court], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. When probable cause to issue a search warrant is questioned on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 239, 103 S.Ct. at 2332, 76 L.Ed.2d at 548; *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct.App.1997). On review, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546; *Josephson, supra; Wilson, supra.*

 The totality of the circumstances in this case supports the finding of probable cause. The juvenile told police that he had been a participant in burglaries. He specifically informed the officer that he, with four other people, took a stolen "Bearcat scanner" to Peterson's residence. This fact was within the personal knowledge of the informant. He also said that the Peterson residence was where "[t]hey get rid of all their stolen property." From the context, the magistrate could reasonably infer that this also was a matter within the informant's personal knowledge. The juvenile's identity was known to Burgess and this fact, as well as the juvenile's acknowledgment of participation in criminal activity, tend to enhance the reliability of the information. *See Dunlap, supra.* Further, the juvenile's claim that stolen items were regularly disposed of at Peterson's residence was partially substantiated by Detective Burgess's own experience in having found, during execution of a previous warrant, a hidden room in Peterson's home which gave the appearance of having been designed as a secret repository for stolen goods. A stolen police radio was, in fact, found in that room during the prior search.[3] These facts provide probable cause to believe that stolen goods could be found in Peterson's residence.[4]

## III.

## CONCLUSION

Peterson's assertion that Detective Burgess intentionally or recklessly omitted mate-

---

2. The district court held that there was no substantial basis to credit certain hearsay information from another informant that was included in the warrant affidavit. In making our assessment of probable cause, we, like the district court, have disregarded this hearsay information.

3. Detective Burgess's observations in the search nine months earlier, standing alone, would not have supplied probable cause for a warrant because of the information's staleness. *Josephson*, 123 Idaho at 794–95, 852 P.2d at 1391–92. The information nonetheless bore value to corroborate the juvenile's information, particularly with the configuration of the room suggesting it was created with the intent of carrying on a continuing secret operation.

4. Although we find that the affidavit demonstrated probable cause, we do not view it to be a model of quality work. The affidavit does not state the basis of the juvenile informant's claimed knowledge of several significant facts, including the basis for his belief that L.B. took a load of stolen items to Peterson's residence earlier in the day and his assertion that "they get rid of all their stolen property" at Peterson's residence. Interrogation of the claimant about the basis for this knowledge or belief, and inclusion of that information in the affidavit, would have provided a more adequate basis for the magistrate to assess the reliability of the information.

We remind the magistrates of this state that such gaps in warrant affidavits may be filled in by questioning the officer under oath and on the record when the officer presents the affidavit in application for a warrant. Alternatively, the magistrate may ask the affiant to supply additional information by interlineation on the affidavit. In these ways, "bare bones" affidavits may be augmented to provide a firmer basis for the magistrate's decision on the warrant application.

rial facts from his warrant affidavit is without merit, as is his claim that the affidavit fails to show probable cause. There being probable cause for issuance of the first warrant, Peterson's challenge to the subsequent warrants also fails. Accordingly, the district court's denial of Peterson's motion to suppress evidence is affirmed.

Judge SCHWARTZMAN and Judge Pro Tem HARDING concur.