IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37655

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 687 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK ANDREW MILLS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order of the district court granting motion to suppress, reversed.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for appellant.

The Roark Law Firm; R. Keith Roark, Hailey, for respondent.

_____

GRATTON, Chief Judge

The State appeals from the district court's order granting Mark Andrew Mills' motion to suppress evidence obtained through the execution of a search warrant. We reverse.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2009, based upon information provided by an informant, officers obtained a search warrant from a magistrate to search Mills' home. On that same day, officers searched Mills' home and seized numerous items, including marijuana and paraphernalia. Mills was charged with trafficking in marijuana. Mills moved to suppress the evidence obtained during the search. Mills asserted that the information from the informant contained in the officer's affidavit was insufficient to establish probable cause for issuance of the search warrant. The district court granted the motion to suppress and the State appeals.

1

## II.

## ANALYSIS

The State claims the district court erred by suppressing the evidence seized pursuant to the search warrant because the informant claimed personal knowledge of the facts provided and there was sufficient evidence of the informant's reliability. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois* v. *Gates*, 462 U.S. 213, 238-39 (1983); *State v. Belden*, 148 Idaho 277, 280, 220 P.3d 1096, 1099 (Ct. App. 2009). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). On appeal, our review of the magistrate's decision to issue the warrant is conducted with due regard for, but independently from, the district court's decision. *State v. Chandler*, 140 Idaho 760, 762, 101 P.3d 704, 706 (Ct. App. 2004). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *State v. Josephson*, 123 Idaho 790, 792-93, 852 P.2d 1387, 1389-90 (1993). A magistrate need only determine that it would be reasonable to seek the evidence in the place indicated in the warrant, not that the evidence sought is there in fact, or is more likely than not to be found, where the search takes place. *State v. O'Keefe*, 143 Idaho 278, 287, 141 P.3d 1147, 1156 (Ct. App. 2006); *State v. Fairchild*, 121 Idaho 960, 966, 829 P.2d 550, 556 (Ct. App. 1992). Probable cause is determined by examining the totality of the circumstances and making a practical, common sense decision whether, given all the circumstances set forth in the affidavit before the court, including information from an informant, there is a fair probability that contraband or other evidence of a crime will be found in a particular place. *Gates*, 462 U.S. at 238; *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983); *Wilson*, 130 Idaho at 215, 938 P.2d at 1253; *Chapple*, 124 Idaho at 527, 861 P.2d at 97.

In examining a challenge to a search warrant, an appellate court's function is limited to reviewing the search warrant affidavit and determining whether the magistrate had a substantial basis for concluding that probable cause existed. *Lang*, 105 Idaho at 684, 672 P.2d at 562; *State v. Molina*, 125 Idaho 637, 639, 873 P.2d 891, 893 (Ct. App. 1993). The deference accorded to the magistrate's determination of probable cause was explained by the United States Supreme Court in *Gates*:

> [W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. A grudging or negative attitude by reviewing courts toward warrants, is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner.

*Gates*, 462 U.S. at 236, (internal quotation marks and citations omitted). *See also Molina*, 125 Idaho at 639, 873 P.2d at 893; *State v. Chapple*, 124 Idaho 525, 527, 861 P.2d 95, 97 (Ct. App. 1993).

In this case, the information provided to the magistrate was largely derived from an informant. The veracity and basis of knowledge of an informant are factors for the court's consideration when probable cause is based, at least in part, upon the assertions of an informant.

3

*Gates*, 462 U.S. at 230-33; *Chapman*, 146 Idaho at 351, 194 P.3d at 555. In *Gates*, the United States Supreme Court noted that "an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of [an informant's] report." Nevertheless, "they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' . . . . [and] as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 462 U.S. at 230-33. *See also Chapman*, 146 Idaho at 351-52, 194 P.3d at 555-56. If the information is from a citizen informant, disclosure of the person's name and address to the police is generally sufficient to show the informant's veracity and reliability because such disclosure carries the risk of accountability if the allegations turn out to be fabricated. *Chapman*, 146 Idaho at 351-52, 194 P.3d at 555-56; *State v. Zapata-Reyes*, 144 Idaho 703, 708, 169 P.3d 291, 296 (Ct. App. 2007). However, where the informant is part of the "criminal milieu" more information may be necessary. *Chapman*, 146 Idaho at 351, 194 P.3d at 555; *Dunlap v. State*, 126 Idaho 901, 907, 894 P.2d 134, 140 (Ct. App. 1995). Even where an informant's motives are in doubt, an explicit and detailed description of an alleged wrongdoing, along with firsthand observation, will entitle the informant's information to greater weight than might otherwise be the case. *Gates*, 462 U.S. at 234.

The informant was interviewed by police twice on December 16, 2009. The informant told police that he personally purchased marijuana from a person he knew as "Marky" on December 11, 2009, and on one prior occasion. He also told police that on approximately twenty to thirty occasions he used another person to purchase marijuana from Marky, usually dropping the person off at Marky's residence to obtain the marijuana from inside using the informant's money. The informant described the location of the residence, its exterior, and certain vehicles parked outside. A police officer was able to locate the residence and observed vehicles outside, at least one of which he confirmed was registered to Mark Mills. The officer took a photograph of the residence which he later showed to the informant and the informant confirmed it to be the same residence from which he purchased marijuana. The informant was also shown a booking photograph of Mills and the informant confirmed that Mills was the person from whom he had purchased the marijuana.

4

The informant told police that, while he was at Marky's residence purchasing marijuana on December 11, 2009, he observed a thirteen-gallon white trash bag of marijuana buds, a scale used to weigh marijuana, and a glass bong and tray containing marijuana seeds which he had observed on a prior occasion. The informant further told the police that there was a "gun case near the back door that contains shotguns and rifles." Finally, the informant stated that Marky had driven to California once a month for fifteen years to pick up marijuana.

The district court determined that the information provided by the informant and reported to the magistrate was insufficient to demonstrate probable cause for issuance of the search warrant. The district court found that the identity of the informant was known to police and, therefore, this was not an anonymous-informant case. The court noted, however, that the informant was also part of the "criminal milieu," by virtue of the past drug purchases and, thus, additional information regarding veracity and reliability was necessary. The district court indicated that the only information from the informant that was corroborated was in regard to the residence, which was not itself corroborative of any assertion that drugs might be found inside the residence. The district court found that the police had not confirmed the prior drug purchases by identifying the individual used by the informant to make the purchases. An informant's description of the interior of a residence, as here, could be made up and there was nothing presented to the magistrate that might confirm the information to be correct. The district court noted that this case does not involve multiple informants. The police did not conduct surveillance of the residence. There is no information that Mills had a past drug history. The district court concluded that "what we simply have is an allegation by the disclosed informant who was involved as part of the criminal milieu."

We disagree with the district court's determination that the information provided to the magistrate was insufficient to establish probable cause for issuance of the search warrant. While the magistrate would have been justified in denying the warrant based upon the information in the affidavit, we cannot say that the magistrate abused its discretion in issuing the warrant. The district court focused on additional information which the officer's affidavit could and should have included, which is understandable.[1] We conclude, however, that the information provided,

---

[1]     As we stated in *State v. Peterson*, 133 Idaho 44, 49, n.4, 981 P.2d 1154, 1159 n.4 (Ct. App. 1999), "[a]lthough we find that the affidavit demonstrated probable cause, we do not view it to be a model of quality work." The affidavit does not state the nature of the investigation in

under the totality of the circumstances, reasonably supports the magistrate's practical, common sense determination of probable cause to believe that drugs would be found in Mills' residence. *See Chapman*, 146 Idaho at 351-52, 194 P.3d at 555-56. As noted, we afford great deference to the magistrate's determination. *Gates*, 462 U.S. at 236. Additionally, the reviewing court should give a preference to the validity of the warrant. *State v. Ledbetter*, 118 Idaho 8, 10-11, 794 P.2d 278, 280-81 (Ct. App. 1990).

In this case, the informant was known to police. Disclosure of the informant's identity to the police is generally sufficient to show the informant's veracity and reliability because such disclosure carries the risk of accountability if the allegations turn out to be fabricated. *Id.* The officer interviewed the informant as part of an investigation with two detectives. The information provided by the informant related solely to drug activity, including the informant's own involvement, and the clear inference is that drug activity was the focus of the investigation. The officer was obviously aware of the informant's identity and believed the informant may have relevant information or else the informant would likely not have been interviewed. Disclosure of the informant's identity carried the risk of accountability, which is supportive of veracity and reliability.

The informant referred to Mills by the nickname "Marky," and identified him from a prior booking photograph. The informant provided a description and location of the house occupied by Mills as well as vehicles located outside the house. The officer was able to locate the house from the description and verify that at least one vehicle outside the house, matching the description from the informant, was registered to Mark Mills. The informant confirmed that the officer had located the correct house from a photograph taken by the officer. This information demonstrated that the informant personally knew Mills and where Mills resided.

The informant stated that he knew Mills from drug purchases at the residence. The informant made two purchases from Mills while in the house and twenty to thirty additional purchases were made by the informant through another person the informant dropped off at the

---

which the informant was interviewed, why this informant was interviewed, prior experience with the informant, prior police contact with Mills, or the basis of the informant's knowledge of some of the claimed facts. We also note that the affidavit makes no reference to surveillance or independent efforts by police to confirm the information provided by the informant. Magistrates are empowered to secure additional information to supplement a "bare bones" affidavit.

residence. While this information clearly established the informant as part of the criminal milieu, evidence of reliability "may be provided by the informant's acknowledgement that he or she has participated in [the reported] criminal activity." *Dunlap*, 126 Idaho at 907, 894 P.2d at 140. Even if the tipster is part of the criminal milieu, greater credibility attaches if, in reporting the criminality of another person, the tipster implicates himself in the reported criminal activity. Here, the informant was not simply someone known to have been involved in some past criminal activity, but admitted personally, as well as recently, buying drugs from Mills. The *Dunlap* Court stated:

> People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibility-sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a "break" does not eliminate the residual risk and opprobrium of having admitted criminal conduct.

*Id*. (quoting *United States v. Harris*, 403 U.S. 572, 583-84 (1971)). Such admissions may not always be dispositive of the informant's reliability, but when coupled with other indicia of reliability in the warrant affidavit, they will support a finding of probable cause. *Id*. The informant provided drug transaction information which implicated the informant in the criminal activity that was the subject of the tip. He claimed personal knowledge of Mills' drug sales from having participated as a purchaser. In *Chandler*, the informants "having gained the knowledge reported to police through direct contact with Chandler and/or direct observation of drugs at his residence," was deemed a "solid basis of knowledge" and corroborative of credibility. *Chandler*, 140 Idaho at 764, 101 P.3d at 708. Personal observation by an informant is "one of the strongest possible indications of a basis of knowledge." *State v. Vargovich*, 113 Idaho 354, 356, 743 P.2d 1007, 1009 (Ct. App. 1987). There is no obvious motive in this case that would cause a reviewing court to question the informant's credibility or reliability.

The informant's most recent purchase was only five days prior to the interview and was made in person. From that purchase, the informant was able to describe items located within the residence. While the informant's description of a bong, tray of seeds, and scales may be rather generic to any alleged drug house, some information was more specific. The informant described having personally observed "a white in color 13-gallon trash bag full of marijuana buds." This is a rather specific description and one that would not be expected in a fabricated

7

story. In addition, the informant identified a gun case containing both shotguns and rifles and its location "near the back door of the residence." In *Vargovich*, 113 Idaho at 356, 743 P.2d at 1009, the informant gave a precise description of the home's interior and the location of ten stolen camping items. The precision of detail given by that informant bolstered the informant's credibility to provide the magistrate with a reasonable basis to conclude the informant was being truthful. Though the information provided here was not as detailed as in *Vargovich*, we conclude that the more specific descriptions provided the magistrate with additional evidence that the information was correct. Also, the informant stated that for approximately fifteen years Mills drove to California once a month and obtained multiple pounds of marijuana. While the basis of this knowledge is not clear, the statement is gratuitous to a fabricated story.

As noted above, when probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 239. The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). Although as noted by the district court, additional information could and should have been included in the affidavit, we conclude that the magistrate court did not abuse its discretion and had a substantial basis for finding probable cause.

## III.
## CONCLUSION

Under the totality of the circumstances, we conclude that the magistrate had a substantial basis for finding probable cause to believe that there was a fair probability that drugs or evidence of that activity would be found at Mills' residence. Accordingly, we reverse the district court's order suppressing the evidence.

Judge LANSING and Judge MELANSON **CONCUR.**