**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45903**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 16, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL WAYNE ROLLER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment and order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Michael Wayne Roller appeals from the district court's judgment of conviction entered upon his conditional guilty plea to grand theft by possession of stolen property. Specifically, Roller challenges the district court's denial of his motion to suppress. We affirm.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Officer Churchfield was employed by the Emmett Police Department and was investigating a burglary which included the theft of a black Harley Buell motorcycle. Roller was a suspect in the case. Officer Churchfield testified that another officer and members of the community had reportedly seen Roller with a bike matching the description of the stolen motorcycle. Officer Churchfield also testified that after investigating Roller's workplace, other items belonging to the victim were found among items belonging to Roller. Additionally, police discovered Roller pawned a number of tools that the victim claimed were his. Officer

1

Churchfield attempted to speak with Roller about the investigation but claimed Roller would not cooperate.

Before the investigation had concluded, Officer Churchfield left the Emmett Police Department and began working for the Meridian Police Department. In August of 2016, roughly a year later, Officer Churchfield was on patrol in Meridian. While patrolling the Fairview area he entered a Walmart parking lot. A parked Ford Ranger with Gem County license plates and a motorcycle in the bed caught his attention. He ran the plates and discovered that someone with the owner's last name had an outstanding warrant. Officer Churchfield testified he was familiar with the person that had the warrant from his previous employment. He approached the vehicle and found Roller asleep inside. Recognizing Roller, he immediately suspected the motorcycle in the back to be the stolen Harley.

The motorcycle was partially covered with an opaque tarp making it difficult to discern the exact model, but not concealing the fact that it was a black motorcycle. Officer Churchfield testified that he proceeded to take several photos of the VIN with his camera phone and flashlight, which involved reaching through the tarp and straps used to secure it. He then contacted the Emmett Police Department to determine if the VIN matched the numbers of the stolen motorcycle. The motorcycle was confirmed as the stolen Harley. The State charged Roller with grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1), 18-2409.

Roller filed a motion to suppress, arguing Officer Churchfield conducted a warrantless search to retrieve the VIN. In denying Roller's motion to suppress the district court found there was no search because the motorcycle's VIN was in open view and, alternatively, if there was a search, Officer Churchfield had probable cause under the automobile exception. Roller timely appeals.

## II.
## ANALYSIS

Roller asserts the district court erred in denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing,

2

the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Roller argues the district court should have granted his motion to suppress because the VIN was retrieved through a warrantless search. Specifically, he argues that the court erred in determining that the motorcycle's VIN was in open view,[1] visible without any need to search under the tarp. Roller contends that because the VIN was not in open view, Officer Churchfield necessarily had to reach into the partially covered truck bed in order to retrieve the VIN, which he did without probable cause. We affirm the district court's determination on probable cause and in doing so, need not reach the merits of the open view argument.[2]

The Fourth Amendment requires that all searches and seizures be reasonable. Warrantless searches and seizures are considered unreasonable per se unless they come within one of the few specifically established and well-delineated exceptions to the warrant requirement. *California v. Acevedo*, 500 U.S. 565, 580 (1991); *State v. Murphy*, 129 Idaho 861, 863, 934 P.2d 34, 36 (Ct.App.1997). The automobile exception is specifically established and well-delineated. *United States v. Ross*, 456 U.S. 798, 825 (1982). Under the automobile exception, police may search an automobile when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991).

In this case, the district court correctly determined that Officer Churchfield had probable cause to search Roller's partially covered truck bed under the automobile exception. Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983). Probable cause does not require an actual showing of criminal activity, but only the probability or substantial chance of such activity. *Illinois v. Gates*, 462 U.S. 213, 243-44 n.13

---

[1]     Though plain view and open view are used interchangeably in the district court's ruling, it is clear from the record that both the parties and the court are referring to the open view doctrine because the plain view doctrine does not apply.

[2]     Nevertheless, the VIN was in open view as the district court held, while the first officer may have had to reach into the bed of the truck and between the straps holding the motorcycle to photograph the VIN, another officer merely shined his flashlight on the VIN and wrote it down.

(1983). Probable cause also necessitates a finding that evidence is probably connected with some criminal activity and that the evidence being sought can currently be found at a specific place. *State v. Turnbeaugh*, 110 Idaho 11, 13-14, 713 P.2d 447, 449-50 (Ct. App. 1985); *see also State v. Gomez*, 101 Idaho 802, 808, 623 P.2d 110, 116 (1980). Whether information regarding the presence of items in a particular place is stale depends upon the nature of the factual situation involved. *Turnbeaugh*, 110 Idaho at 13, 713 P.2d at 449. There is no magical number of days which marks the point which evidence turns from fresh to stale. *Gomez*, 101 Idaho at 808, 623 P.2d at 116. Time alone does not determine whether facts are too stale to properly establish probable cause, rather the requirement looks to whether evidence will be found *when the search is conducted. United States v. Grubbs*, 547 U.S. 90, 95 (2006). In short, information used to establish probable cause is only stale if it fails to demonstrate a fair probability that the evidence to be seized would presently be found at the location to be searched. *State v. Patterson*, 139 Idaho 858, 865, 87 P.3d 967, 974 (Ct. App. 2003), holding modified by *State v. Chandler*, 140 Idaho 760, 101 P.3d 704 (Ct. App. 2004).

Here, Roller asserts the search cannot be valid under the automobile exception to the warrant requirement because the officer did not have probable cause. Specifically, because the previous investigation of Roller was a year prior, the facts were not sufficient to justify a search under the automobile exception. We disagree. Officer Churchfield's previous investigation of Roller provided him with more than enough information to support a good faith, reasonable belief that the motorcycle was the stolen Harley. Roller was the main suspect during that investigation. Roller was reportedly seen with a bike matching the stolen motorcycle's description and other stolen items belonging to the victim had been found in Roller's possession. Roller also pawned a number of items that the victim claimed were his. The partially covered motorcycle appeared to be the same shape and color as that of the subject Harley. Having no reason to believe that the prior investigation had concluded, Officer Churchfield believed there was a substantial chance that the partially covered motorcycle was stolen. We are not convinced that the amount of time between the initial investigation and the search rendered the information stale or too tenuous to establish probable cause. The facts available to the officer, though a year old, still demonstrated a probability that the stolen motorcycle would be found in the bed of the truck; making the officer's belief objectively reasonable. Because the automobile exception

4

allows police to search when there is probable cause to believe that the automobile contains evidence of a crime, Officer Churchfield's search was valid.

## III.

## CONCLUSION

Officer Churchfield's search was authorized under the automobile exception. The prior investigation provided sufficient probable cause to believe the partially covered motorcycle was stolen. Therefore, the district court did not err in denying Roller's motion to suppress. Accordingly, we affirm the district court's denial of Roller's motion to suppress and the judgment of conviction on the determination of probable cause and need not address the open view determination.

Judge HUSKEY and Judge LORELLO **CONCUR**.