# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49920

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 21, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TRISHA D. COPELAND, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Jonathan Medema, District Judge.

Judgment of conviction for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Trisha D. Copeland appeals from her judgment of conviction for possession of a controlled substance with the intent to deliver. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Copeland was the subject of a burglary investigation. During the execution of a search warrant at her home, officers found a large amount of controlled substances. Officers conducted a traffic stop on a person leaving the home and found marijuana in the car. The driver admitted to purchasing the drugs from Copeland. The investigation then expanded to encompass controlled substances as well as burglary. Copeland admitted to police officers that she had purchased methamphetamine from a drug supplier on a regular basis. Through a confidential informant, law

1

enforcement performed two controlled buys of methamphetamine from Copeland at her residence. The confidential informant told law enforcement that Copeland purchased drugs from the supplier and traveled to Boise to sell the drugs.

After these purchases, law enforcement set up a controlled buy through a confidential informant at Copeland's residence to purchase a pound of methamphetamine from Copeland's supplier.[1] Law enforcement then conducted a traffic stop of the supplier and found several pounds of methamphetamine in his vehicle. This supplier admitted to having regularly sold methamphetamine to Copeland and having recently supplied her with a pound of methamphetamine just prior to the stop. The supplier admitted to providing drugs to Copeland which she would sell and then give the supplier money from the sales. The supplier told law enforcement he expected Copeland to be traveling to Boise within the next day to sell the methamphetamine.

Law enforcement performed a traffic stop of Copeland later that afternoon. An officer asked Copeland to exit the vehicle for the officer's safety and waited for another officer to arrive. According to officers, during the traffic stop Copeland admitted to having methamphetamine in her vehicle which officers could see in plain view in a plastic bag inside of her purse.[2]

Copeland was charged with three counts of trafficking in methamphetamine and one count of delivery of a controlled substance. Copeland moved to suppress the evidence found in her vehicle, arguing that it was obtained in violation of her Fourth Amendment right against unlawful search and seizure. The district court denied the motion. Pursuant to a plea agreement, Copeland entered a conditional guilty plea to possession of methamphetamine with intent to deliver, I.C. § 37-2732(a)(1)(A), and the remaining charges were dismissed. Copeland appeals.

---

[1]    One informant made the controlled buys from Copeland. It is unclear if the purchase from the supplier was made by the same or a different informant. The district court did not make a finding as to how many confidential informants were involved in the controlled buys.

[2]    The district court, ruling from the bench, made no finding on either the plain-view exception to the warrant requirement or Copeland's admission that she had methamphetamine in the vehicle as factors justifying the search or contributing to probable cause. Instead, the district court focused on what the officers learned from the informants and from Copeland's prior admission to being a drug dealer. The district court stated: "I'm not going to reach the other arguments because it's not necessary for me to do so."

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One such exception to the warrant requirement is the automobile exception. *State v. Maloney*, 168 Idaho 936, 941, 489 P.3d 847, 852 (2021). This exception allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible, commonsense standard, and a practical, nontechnical probability that incriminating evidence is present is all that is required. *Id.* Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.*

Copeland argues that the search of her car was done without probable cause. Copeland's argument is two-fold: (1) the supplier's veracity and reliability were not sufficiently established because he was part of the "criminal milieu," and (2) law enforcement lacked probable cause that Copeland had drugs in her vehicle at the time she was pulled over. The State argues that law

enforcement did not solely rely on the supplier's information but also relied on Copeland's previous admissions to obtaining drugs from the supplier and the controlled buys from Copeland. Additionally, the State argues that the information law enforcement had provided probable cause that Copeland's vehicle contained drugs at the time she was stopped.

## A.    Reliability of Informant

Information given by tip to law enforcement by a citizen informant is presumptively reliable because his or her reputation may be assessed and, if the informant is untruthful, he or she may be subject to criminal liability for making a false report. *State v. Bishop*, 146 Idaho 804, 812, 203 P.3d 1203, 1211 (2008). However, when a confidential informant is part of the criminal milieu, more information will be necessary to show the informant's veracity and reliability. *See State v. Peterson*, 133 Idaho 44, 47, 981 P.2d 1154, 1157 (Ct. App. 1999). Copeland asserts that, because the supplier was part of the "criminal milieu," more information was required to  prove his veracity and reliability.

In *Peterson*, this Court noted that the veracity of a citizen informant can ordinarily be proven by disclosure of the person's name and address. However, *Peterson* requires something more when an informant is part of the criminal milieu. This Court stated that the additional evidence of reliability may come from the informant's acknowledgment that he or she has participated in criminal activity. This Court noted that, while such admissions may not be dispositive of reliability and credibility, the admissions may support a finding of probable cause when coupled with other indicia of reliability. *Id*. Further, this Court noted that, when the informant's identity is known to the police, it reduces the measure of corroboration necessary. *State v. Chandler*, 140 Idaho 760, 764, 101 P.3d 704, 708 (2004). Additionally, corroboration may come from information obtained from other confidential informants.

In *Chandler*, law enforcement received information from three informants (all of whom were known to police and all corroborated a single fact) that Chandler sold methamphetamine out of his home. One informant admitted to purchasing methamphetamine from Chandler. A criminal history search revealed that Chandler had previously been convicted of possession of a controlled substance with intent the to deliver. A search warrant was issued for Chandler's home. The district court granted a motion to suppress the evidence found during the execution of the search warrant, and the State contended on appeal that the district court erroneously believed that information from

4

one confidential informant could not corroborate information supplied by another. This Court agreed and held that the district court erred in that the informants had a reliable basis of knowledge, having gained the knowledge through direct contact with Chandler, and were capable of corroborating information from the other informants. This Court noted that the corroboration of the informants, the known history of drug possession, and one of the informant's admissions against penal interest cumulatively provided probable cause. *Id*.

In the present case, sufficient indicia of reliability are present. When officers spoke with the supplier, he told law enforcement he gave Copeland a pound of methamphetamine for her to sell. The identity of the supplier was known to officers and by admitting to supplying Copeland with an illegal drug, the supplier admitted to participating in criminal activity with Copeland. While this alone (under *Peterson)* may not be dispositive of the reliability of the informant, the district court also noted that the statements made by the informant were corroborated. Copeland's own statements admitting to selling drugs for the supplier added to the veracity and reliability of the supplier's statement that he recently supplied methamphetamine to Copeland. Additional corroboration was supplied by the information gathered from another confidential informant during the controlled buys. During these controlled buys, law enforcement met with the informant directly after the informant left Copeland's residence. The informant purchased drugs from Copeland and accurately described her to law enforcement. Thus, considering the totality of the circumstances, there was ample information to corroborate the supplier's basis of knowledge and the reliability and veracity of the information he provided. Therefore, Copeland's argument that probable cause was lacking because the supplier was part of the criminal milieu fails.

## B. Probable Cause at Time of Search

Copeland argues that officers did not have probable cause to believe the drugs were in her vehicle at the time of the search because it was "just as likely that the methamphetamine would be in [her] residence as opposed to being in her vehicle." The State argues that law enforcement had sufficient information at the time of the stop to establish probable cause. The district court found that the search of the vehicle was proper under the automobile exception to the warrant requirement because officers had probable cause to believe that Copeland was in possession of methamphetamine on that day. When stopped by law enforcement earlier in the same day, the supplier admitted he had just given a pound of methamphetamine to Copeland and that she would

5

likely be travelling to Boise within the next day to sell the drugs. Therefore, it was reasonable for the officers to believe that, when they saw Copeland later that day in her vehicle, she was travelling to Boise to sell the drugs.

Probable cause does not require certainty, but it is enough that there was a substantial likelihood that evidence of a crime was contained in the vehicle. In *State v. Johnson*, 152 Idaho 56, 266 P.3d 1161 (Ct. App. 2011), law enforcement was called to a truck stop when a worker found a large amount of drugs outside a bathroom. The worker provided a description of a woman that entered the bathroom as well as the vehicle she left in. The officer seized the drugs, went to the sheriff's office to test the drugs, returned to the truck stop and waited in his car. By then, it was late at night and the truck stop was closed. A vehicle matching the description given by the worker returned to the truck stop and the driver (not the woman described by the worker) began looking at the ground with a flashlight as if he was looking for something. The person drove away and was pulled over by the officer. The woman described by the worker, later identified as Johnson, was found lying down in the backseat of the vehicle. The driver was arrested for an existing felony drug warrant. The vehicle and Johnson's purse were searched and revealed controlled substances and drug paraphernalia. This Court held that probable cause existed to support a warrantless search of the vehicle under the automobile exception. This Court noted that the large amount of drugs found, the man's behavior in the parking lot, the matching description of Johnson, and the felony drug warrant (taken together) indicated a substantial likelihood that drugs would be found in the vehicle.

The circumstances of this case are similar. The information available to the officers at the time of the search, including Copeland's prior admission to selling drugs for the supplier; the controlled buys through confidential informants; the corroboration of information from the supplier, the confidential informant, and Copeland; Copeland's history of convictions for drug activity; the supplier's statement earlier in the day that he had just provided Copeland with a pound of methamphetamine and that the supplier expected Copeland to travel to Boise within the next day to sell the methamphetamine, all indicated a substantial likelihood that evidence of drug activity would be found in Copeland's vehicle when she was stopped just hours after the supplier was stopped. Copeland has failed to show that the district court erred in finding the officers lacked probable cause that the vehicle contained evidence of illegal activity at the time of the stop.

6

## IV.
## CONCLUSION

Copeland has failed to show that the supplier lacked reliability due to his participation in the criminal milieu. Further, Copeland has failed to demonstrate that law enforcement lacked probable cause that drugs were in her vehicle at the time of the search. Because Copeland has failed to show the district court erred in denying the motion to suppress, her judgment of conviction for possession of a controlled substance with intent to deliver is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.